**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**COLUMBIA DIVISION**

| | | |
|---|---|---|
| ROBERT R. SHEALY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:04-599-CMC-BM |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| CAR QUEST AUTO PARTS,[1] | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This action was originally filed by the Plaintiff in the South Carolina Court of Commons Pleas, Fifth Judicial Circuit, alleging a violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, as well as a state law cause of action for breach of contract. The Defendant removed this case to United States District Court based on Plaintiff's assertion of a violation of federal law, and also on the basis of diversity jurisdiction. 28 U.S.C. §§ 1331 and 1332(a).

Defendant filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on September 20, 2004. Plaintiff filed a memorandum in opposition to the Defendant's motion on October 5, 2004, and the Defendant filed a reply memorandum on October 15, 2004. Defendant's motion is now before the Court for disposition.[2]

---

[1] Defendant represents to the Court that its proper name is actually General Parts, Inc., d/b/a Car Quest Auto Parts.

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Defendant has filed a motion for summary judgment. As this is

1

**Background and Evidence**[3]

Plaintiff, who was born November 27, 1940, was employed by the Defendant as a shop machinist from December 1988 to December 2002. Plaintiff's Deposition, at pp. 13, 36-37. When Plaintiff was first hired by the Defendant, he had a four year employment contract which provided that he was to receive one thousand four hundred ($1,400.00) dollars per month for the first three months of the contract, and would thereafter receive fifty (50%) percent of the shop labor proceeds (50% of the revenues generated by his work). This employment contract expired in December 1992, and Plaintiff does not claim that the Defendant failed to honor its obligations under that contract. Plaintiff's Deposition, at pp. 11-13, 33; Plaintiff's Deposition, Exhibit 2.

Following the expiration of his employment contract, Plaintiff's compensation was based on a percentage of the total amount of monthly revenues generated by his work (the "Shop Incentive Plan"). Ed Dobbs, the Defendant's General Manager, attests that all shop machinists were compensated in this manner. Dobbs Affidavit, ¶ 4. Under this arrangement, Plaintiff received forty (40%) percent of the proceeds from his labor, although in order to ensure that Plaintiff (as well as the other shop machinists, who were compensated under this same formula) would have a weekly stream of income, a weekly draw amount was calculated based on an hourly rate. This hourly rate was determined by each shop machinist's past performance, taking into account the revenues generated and the number of hours worked. However, regardless of the hourly rate, the machinist's monthly compensation would always amount to 40% of the revenues generated by the machinists'

---

a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]The facts and evidence are considered and discussed in this Report and Recommendation in the light most favorable to the Plaintiff, the party opposing summary judgment. Pittman v. Nelms, 87 F.3d 116, 118 (4th Cir. 1996).

labor. Dobbs Affidavit, ¶ 4; see also Starling Affidavit, ¶ 2.

Following the expiration of his contract in December 1992, Plaintiff's compensation was always determined by the "Shop Incentive Plan", accept for those time periods when he was transitioning his business from one location to another in Columbia, or when he was training another employee. During those times Plaintiff was paid a guaranteed commission. Plaintiff's Deposition, at pp. 20, 58-59; Dobbs Affidavit, ¶ 5. Plaintiff acknowledged at his deposition that his monthly compensation amount was commission based. Plaintiff's Deposition, at pp. 16, 55, 58-59, 62-63.

Plaintiff alleges that beginning in 2001, two younger employees, Jerry Boatwright and Dwayne Heape, were paid more than he was, even though he had more experience. Plaintiff testified that Boatwright and Heape were both paid ten ($10.00) dollars per hour, while he was only paid eight dollars and fifty cents ($8.50) per hour. Plaintiff's Deposition, at pp. 24, 27-28, 53. Plaintiff attributes this alleged pay disparity to age discrimination.

**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P.

**I.**

**(ADEA Claim)**

Plaintiff's ADEA claim is for disparate treatment, based on his allegation that he was discriminated against on the basis of his age because two younger employees received a greater hourly rate of pay than he did. Defendant argues that Plaintiff has failed to present sufficient evidence to establish the essentials of his claim under the ADEA,[4] and that it is therefore entitled to summary judgment on this claim.

Disparate treatment cases under the ADEA require proof of intentional discrimination, either by direct evidence or by the structured procedures set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); see also Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248 (1981). Plaintiff conceded at his deposition that he did not have any direct evidence of age discrimination. See Plaintiff's Deposition, pp. 22-23, 41-42, 75-76.[5] However, the absence of direct evidence of discrimination is not fatal to Plaintiff's claim, as direct proof of discrimination rarely exists in this type of case. In such a situation, indirect evidence of

---

[4] The only evidence Plaintiff has presented are selected pages from his deposition as an attachment to his memorandum opposing summary judgment. In its brief supporting summary judgment, Defendant represents to the Court that Plaintiff failed to file with the Court his responses to Local Rule 26.01 Interrogatories, his Rule 26(f), Fed.R.Civ.P. Report (his Responses to Local Rule 26.03 Interrogatories), as required, nor did Plaintiff serve his initial disclosures on the Defendant as required by Rule 26(a)(1), Fed.R.Civ.P. Defendant further represents to the Court that Plaintiff never responded to Defendant's First Set of Interrogatories or to Defendant's First Request for Production of Documents, both of which were served on Plaintiff's counsel on June 30, 2004.

[5] Direct evidence of discrimination is evidence which, if believed, would prove the existence of a fact without any inferences or presumptions. O'Connor v. Consolidated Coin Caterers Corp., 56 F.3d 542, 548-549 (4th Cir. 1995), rev'd on other grounds, 517 U.S. 308 (1996); Black's Law Dictionary, 460 (6th Ed. 1990) (citing State v. McClure, 504 S.W.2d 664, 668 (Mo.Ct.App. 1974); see Williams v. General Motors Corp., 656 F.2d 120, 130 (5th Cir. 1981), cert. denied, 455 U.S. 943 (1982).

discrimination may be presented through the McDonnell Douglas framework.[6]

The United States Supreme Court articulated a three-part analysis for evaluating discrimination cases in McDonnell Douglas. First, Plaintiff must establish a prima facie case of discrimination. Once a prima facie case has been established, a rebuttable presumption is created that the employer unlawfully discriminated against the Plaintiff. Second, once this presumption has been established, the burden of production shifts to the employer to show a legitimate, non-discriminatory reason for its actions. Third, if the employer shows a legitimate, non-discriminatory reason for its actions, the burden is then on the Plaintiff to come forward with evidence that the employer's asserted reasons for its actions are a mere pretext for its true discriminatory motives, and that the actions of the employer were really based on Plaintiff's age. McDonnell Douglas Corp., 411 U.S. at 802-805; Texas Dep't of Community Affairs, 450 U.S. at 252-256; Conkwright v. Westinghouse Elec. Corp., 933 F.2d 231, 234-235 (4th Cir. 1991). Despite these shifting burdens of production, however, Plaintiff retains the ultimate burden of persuasion on the issue of discrimination throughout. Texas Dep't of Community Affairs, 450 U.S. at 252-253; see also St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507 (1993).

For purposes of this case, in order to set forth his prima case of disparate treatment, Plaintiff must establish the following: 1) that he was an employee covered under the Act; 2) that

---

[6]Consideration of Plaintiff's claim under the so-called "mixed-motive" analysis is also now allowed even though Plaintiff has presented only circumstantial, or indirect, evidence of discrimination. Hill v. Lockheed Martin Logistics Mgt., Inc., 354 F.3d 277, 284-285 (4th Cir. 2004); see also Mereish v. Walker, 359 F.3d 330, 339-340 (4th Cir. 2004); Machinchick v. PB Power, Inc., 398 F.3d 345, 352 (5th Cir. 2005) [ADEA]. Previously, consideration of a claim under the mixed motive analysis was only proper in direct evidence cases. Here, however, both parties have argued Plaintiff's claim under the traditional McDonnell Douglas proof scheme.

5

he was as qualified as other employees not in his protected class; and 3) that he was paid less than comparably qualified employees who were outside of his protected class. *Cf.* Trusty v. Maryland, No. 01-2068, 2002 WL 242368, at *1 (4th Cir. Feb. 20, 2002) (per curiam) (unpublished); Bazemore v. Friday, 751 F.2d 662, 670 (4th Cir. 1984), aff'd in part, rev'd in part on other grounds, 478 U.S. 385 (1986); Houck v. Virginia Polytechnic Inst. & State Univ., 10 F.3d 204, 206 (4th Cir. 1993)[7]. Defendant contends, inter alia, that it is entitled to summary judgment because Plaintiff has failed to present sufficient facts or evidence to establish his prima facie case of discrimination. After careful review of the evidence submitted, the undersigned is constrained to agree.

It is uncontested that Plaintiff falls within the age group protected by the ADEA (over forty (40) years of age). 29 U.S.C. § 631(a). However, Defendant argues that Plaintiff has presented no evidence whatsoever to show that he was paid less than similarly situated younger employees, or that the Defendant did not treat age neutrally in his compensation. Defendant cites to Dobbs' affidavit as to how the pay was structured for shop machinists, as well as Plaintiff's own testimony that his monthly compensation was commission based; Dobbs Affidavit, ¶ 4; Plaintiff's Deposition, pp. 16, 55, 58-59, 62-63; and Plaintiff has presented no evidence to show that Boatwright and Heape's compensation was not determined in the same manner, nor has he presented any evidence

---

[7]The exact standard to be used in establishing a prima facie case is flexible depending on the factual situation and the claim alleged. Ennis v. National Ass'n of Business and Educational Radio, Inc., 53 F.3d 55, 58(4th Cir. 1995). While the cited cases refer to a variety of statutes, the standards to be applied in examining Plaintiff's ADEA claim are the same whether his claim is presented under the ADEA, Title VII of the Civil Rights Act of 1964, or the Equal Pay Act. *Cf.* Kindred v. Northome/Industrial School Dist. No. 363, 154 F.3d 801, 803 (8th Cir. 1998) [When a plaintiff alleges that his employer provides "unequal pay for equal work on the basis of [age], the standards are the same whether the plaintiff proceeds under Title VII or the Equal Pay Act."]; Brennan v. Metropolitan Opera Ass'n Inc., 192 F.3d 310, 316 (2d Cir. 1996) ["The same standards govern disparate treatment claims arising under either Title VII or the ADEA."].

to show that under the Shop Incentive Plan, either of these two employees were paid more or pursuant to a different formula than he was. See also Plaintiff's Deposition, p. 22, Lines 10-20. Plaintiff's main complaint appears to be that he was "told" that Boatwright and Heape's salaries were "guaranteed" when they were hired. Plaintiff's Deposition, pp. 23, 27-28.  However, Plaintiff was also paid a guaranteed commission during certain periods (when he was transitioning his business from one location to another or when he was training another employee). Further, with respect to such "guaranteed" payments, Plaintiff testified that his guarantee was "a little bit higher" than Boatwright's, while he did not know what Heape's guarantee was. Plaintiff's Deposition, pp. 24-25.

Plaintiff also testified that he believed Boatwright and Heape remained on guaranteed payments. Plaintiff's Deposition, p. 27.  However, he has provided no evidence to support this unsubstantiated claim.  Indeed, Plaintiff conceded that he did not really understand how the weekly draw amount for machinists was determined.  Plaintiff's Deposition, pp. 55-56.  Plaintiff has also provided no evidence to show that he was being paid less than either Boatwright or Heape on a commission basis, or indeed on any basis.  See Plaintiff's Deposition, p. 56.  Therefore, Plaintiff has failed to establish facts sufficient to maintain his prima facie case.  See  Chappel v. GTE Prods. Corp., 803 F.2d 261, 268 (6th Cir. 1986); Gairola v. Virginia Dep't of General Services, 753 F.2d 1281, 1288, n. 4 (4th Cir. 1985) [a case should be dismissed "...when the only evidence in support of the plaintiff's...case is based on unfounded conjecture...that [his] disfavorable treatment was the result of discrimination...."][8]; Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985) [Party opposing

---

[8]Although the cited passage from Gairola involved a directed verdict, the standard for granting a motion for summary judgment is the same. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

summary judgment "cannot create a genuine issue of fact through mere speculation or the building of one inference upon another."].

Further, even if the Court were to find that Plaintiff has presented sufficient facts to survive summary judgment on his prima facie case, the Defendant has set forth a legitimate, non-discriminatory reason for its actions[9], and Plaintiff has failed to demonstrate by a preponderance of the evidence that the Defendant's proffered reason for its salary structure is a mere pretext for discriminatory conduct. To make this demonstration, Plaintiff must show that "but for" his employer's intent to discriminate against him because of his age, he would not have suffered the alleged adverse employment action. EEOC, 955 F.2d at 941; Conkwright, 933 F.2d at 234. "Direct or indirect evidence of discriminatory motive may do, but 'the evidence as a whole . . . must be sufficient for a reasonable fact-finder to infer that the employer's decision was motivated by [age animus].'" LeBlanc v. Great American Insurance Co., 6 F.3d 836, 843 (1st Cir. 1993)(citing Goldman v. First Nat'l Bank, 985 F.2d 1113, 1117 (1st Cir. 1993)(quoting Connell v. Bank of Boston, 924 F.2d 1169, 1172, n. 3 (1st Cir. 1991), cert. denied, 111 S.Ct. 2828 (1991)); see Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 141-143 (2000). Here, Plaintiff has failed to present sufficient evidence to create a genuine question of material fact as to whether he was the victim of age discrimination to avoid summary judgment.

First, Plaintiff has failed to present any evidence to show that he was even treated differently than persons outside of his protected class, as he has presented no evidence to show that

---

[9]The Defendant's burden of establishing a legitimate, non-discriminatory reason for its actions is only one of production, not of persuasion. EEOC v. Clay Printing Co., 955 F.2d 936, 941 (4th Cir. 1991).

either of the two allegedly younger employees[10] were paid under a different formula than he was with respect to commissions, and conceded in his deposition testimony that he did not know what Heape's "guaranteed" hourly rate was, while Boatwright's guaranteed hourly rate was *less* than his.

Plaintiff has also presented no evidence of any discriminatory animus on the part of his supervisors. Plaintiff specifically testified at his deposition that he had never heard any discriminatory or derogatory remarks, statements, or comments by his employer based on his age, nor was he aware of any documents that contained any such statements or comments. Plaintiff's Deposition, pp. 75-76. While Plaintiff testified that one of the Defendant's managers, Jerry Starling, told his wife that Plaintiff needed to take Viagra; see Plaintiff's Deposition, at pp. 76-78;[11] Plaintiff's testimony on this matter is not admissible evidence, and in any event Plaintiff conceded that, even if true, he didn't know that this statement had anything to do with the wages he was earning. Plaintiff's Deposition, p. 78. See also Waggoner v. City of Garland, 987 F.2d 1160, 1166 (5th Cir. 1993) [stray remark by supervisor referencing plaintiff's age insufficient to raise an issue of material fact]; EEOC, 955 F.2d at 942 [same]; Cone v. Longmont United Hosp. Ass'n, 14 F.3d 526, 531 (10th Cir. 1994) [same].

In order to survive summary judgment Plaintiff must present evidence "sufficient for a reasonable fact-finder to infer that the employer's decision was motivated" by his age. There is no evidence in the record of any age based comments on the part of the decisionmakers

---

[10]The Court has accepted Plaintiff's testimony that these two employees were in fact younger than he was. Plaintiff's Deposition, p. 27. The Defendant has not disputed this contention.

[11]Starling denies that he ever made any such comment. See Starling Affidavit, ¶ 3.

or any evidence of discriminatory animus based on Plaintiff's age, nor is there even any evidence to show that Plaintiff was paid a lesser wage than persons outside of his protected class. At summary judgment, the non-moving party has an obligation to present evidence to save his or her allegations from the status of speculation, and must respond with specific facts showing a genuine issue for trial. Rule 56, Fed.R.Civ.P.; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Gairola, 753 F.2d at 1288, n. 4. Although Plaintiff may sincerely believe that he was discriminated against because of his age, an ADEA plaintiff cannot defeat a properly supported motion for summary judgment with unsupported speculation or allegations of discrimination. Ross v. Communications Satellite Corp., 759 F.2d 355, 365 (4th Cir. 1985) overruled on other grounds, Price Waterhouse v. Hopkins, 490 U.S. 228 (1989); Felty v. Graves-Humphreys, Co., 818 F.2d 1126, 1128 (4th Cir. 1987); Beale v. Hardy, 769 F.2d at 214 [A party opposing summary judgment "cannot create a general issue of fact through mere speculation or by the building of one inference upon another."].

Therefore, since Plaintiff has failed to establish his prima facie case or present any evidence of pretext, his ADEA discrimination claim should be dismissed.

## II.

### (Breach of Contract Claim)

With respect to Plaintiff's breach of contract claim, Plaintiff concedes in his memorandum in opposition to summary judgment that the Defendant is entitled to summary judgment on this claim based on the state statute of limitations. See Plaintiff's Memorandum, p. 1. Therefore, this claim should be dismissed.

**Conclusion**

Based on the foregoing, it is recommended that the Defendant's motion for summary judgement be **granted** as to both of Plaintiff's causes of action, and that this case be **dismissed.**

                                                     s/ BRISTOW MARCHANT
                                                        Bristow Marchant
                                                        United States Magistrate Judge

Columbia, South Carolina

April 22, 2005